Bond v. Bond.

## T. B. BOND *et al* v. J. R. BOND *et al.*

CONVEYANCE BY HUSBAND TO WIFE. *When widow not entitled to dower in same.* Under our statutes, a widow is not entitled to dower in land conveyed to her by her husband in his lifetime by deeds and set aside, after his death, at the instance of his creditors for fraud.

### FROM HAYWOOD.

Appeal from the Chancery Court at Brownsville. H. J. LIVINGSTON, Ch.

MOORE & BOND and A. C. ESTES for complainants.

H. B. FOLK and J. R. BOND for defendants.

COOPER, J., delivered the opinion of the court.

The complainants, as creditors of James Bond, Jr., filed this bill after his death, against his administrator, widow and children, to set aside certain conveyances of land made by him to his wife for life, and then

to his children, upon the ground that they were voluntary, and intended to defraud his creditors. The widow and children insisted upon the validity of the conveyances, but the widow asked, in the event they were set aside, that she be allowed dower and homestead. The chancellor declared the deeds fraudulent as to the creditors, but allowed the widow a homestead, refusing her dower. A majority of the Referees recommend that she be given dower, and that the decree be, in other respects, affirmed. The complainants have alone excepted, and they only as to the allowance of dower, and the matter of the costs of this court.

The sole question then, is, whether the widow is entitled to dower in lands which were conveyed to her, by the husband, for life, with remainder to their children, by deed duly executed, accepted and insisted upon, after the same has been set aside as fraudulent and void as to creditors. A widow in this State is entitled to dower in one-third part of all the lands of which her husband died seized and possessed, or of which he was equitable owner: Code, sec. 2398. The seizin meant by the statute is legal seizin in the sense of the common law, and to be "possessed" the husband must have at least the legal right to possession: *Apple* v. *Apple,* 1 Head, 348; *Lunsford* v. *Jarrett,* 11 Lea, 194; *Tipton* v. *Davis,* 5 Hayw., 278. Conveyances of land in fraud of creditors are, by our statutes, void as to the creditors, but good between the parties, so that it required a special statute to enable the personal representative of the grantor to

impeach the same for the benefit of creditors: Code, secs. 1759, 2395; *Moody* v. *Fry*, 3 Hum., 567. It seems logically to follow, and has been so held, that a widow is not dowable of land fraudulently conveyed by her deceased husband to a third person, unless it be also in fraud of her dower right: *Alley* v. *Carroll*, 6 Heis., 221. And, *a fortiori*, if the conveyance be made directly to the wife, who accepts and claims under it, for she has the legal seizin and right to possession, nothing remaining in the husband. The husband, after the execution and acceptance of the conveyance, has neither a legal or equitable interest in the land, and can not be said to be seized and possessed of the land in any sense.

In the *Lincoln* case relied on by the counsel of the widow, the husband caused land, which he had paid for, to be conveyed to a third person by an ordinary deed in fee, and afterward undertook to declare a lien thereon by parol in favor of the wife. This court held that the trust was ineffectual because not in writing, and that there was a resulting trust to the husband in the land by virtue of his payment of the purchase money. The wife was, of course, upon his death dowable of the land of which he was thus the "equitable owner": *Martin* v. *Lincoln*, 4 Lea, 289, 334. The difficulty in the case now before us is that the husband, at his death, had neither a legal nor an equitable interest in the land. And the court could only declare the deeds void as to creditors, leaving them in full force as between the parties. If the lands were more than sufficient to pay the debts,

Bond *v.* Bond.

the surplus of land or its proceeds would belong to the wife and children. If the debts exceeded the value of the land, this would be a mere incident, which, however unfortunate for the grantees, could not change the nature of the transaction, or the rights of the parties, and could not, therefore, confer upon the wife a right incompatible with the title acquired under the deeds.

There are cases, some of which are cited by counsel, holding that a widow is dowable of land conveyed to a third person by the joint deed of the husband and wife in fraud of his creditors, after the conveyance has been set aside for the fraud: *Woodworth* v. *Paige*, 5 Ohio St., 70; *Mallory* v. *Horan*, 12 Abb. Pr., 289; *McFarland* v. *Goodman*, 13 Am. L. Reg., 697. These decisions have been made in States in which the common law rule prevails, that the wife is dowable of all the lands of the husband during coverture. And the rationale of the rulings is that if the deed be set aside as to the wife, who joins in it as a grantor, she is at once remitted to her common law rights. But the reason of the rule obviously can not apply where the conveyance is made by the husband to the wife, terminating his seizin and possession, and where, under a statute like ours, there is nothing for the wife to be remitted to.

The report of the majority of the Referees will be set aside, and the chancellor's decree affirmed. The appellants will pay the costs of this court, the costs below to be paid as directed by the chancellor.